THE CITY OF ST. LOUIS, *Plaintiff in Error*, v. DORR *et al.*

Division Two, December 15, 1896.

1. **Ordinance**: CITY OF ST. LOUIS: PERMIT TO ERECT BUILDING. An ordinance of the city of St. Louis provided that no person should begin the construction of any building within the city without first procuring a permit from the commissioner of public buildings; defendant obtained a permit to erect a brick building "to be used as a dwelling;" he erected the structure in accordance with the specifications submitted to the commissioner but contemplated carrying on business on the lower floor and using the second floor as a residence. *Held*, that an action for violation of the ordinance charging that defendant had erected a building "without having first obtained a written permission" from the commissioner of public buildings could not be sustained.

2. ——: ——. The commissioner of public buildings did not have the authority to restrict the use of the building to any particular purpose.

*Error to St. Louis Court of Criminal Correction.*—HON. JAMES R. CLAIBORNE, Judge.

AFFIRMED.

*W. C. Marshall* for plaintiff in error.

This ordinance regulation was clearly within the charter powers of the city to enact, and the city would have had the right to enact such a police regulation, even if the charter had been silent on the subject. Dillon on Municipal Corp., sec. 405, and cases cited in note; Tiedeman's Limitations of Police Power, p. 438, sec. 122 e., and cases cited in notes.

*Louis A. Steber* for defendants in error.

(1) The allegation of the complaint is the erection of a "brick building" without a permit from the build-

ing commissioner. The proof, on the part of the plaintiff, is that the defendants did have such a permit. The motion for judgment for defendants was therefore properly sustained. (2) The building permit (or license to build) conferred a contract right, which neither the city of St. Louis nor its building commissioner had a right to revoke, especially as large sums of money had already been expended in the erection of the building. *Hannibal v. Guyott*, 18 Mo. 515; *State v. Andrews*, 26 Mo. 171; *Baker v. Railroad*, 57 Mo. 265; *House v. Montgomery*, 19 Mo. App. 170; *Gibson v. Association*, 33 Mo. App. 165.

BURGESS, J.—Action begun in the police court of the city of St. Louis by said city against defendants to recover a penalty or fine for the violation of an ordinance of said city.

Upon a trial had in said court defendants were successful. The case was then appealed by plaintiff to the court of criminal correction of said city, where defendants were again successful, judgment being rendered in their favor for costs; whereupon plaintiff sued out its writ of error from this court and brings the case here for review.

The charge against defendants is as follows:

"Lorenz Dorr and Henry L. Zeller, to the city of St. Louis, Dr.

"To five hundred dollars, for the violation of an ordinance of said city entitled, 'An ordinance in revision of the ordinances of the city of St. Louis and to establish new ordinance provisions for the government of said city,' being ordinance number 14,000, section 733, approved April 12, 1887.

"In this, to wit: In the city of St. Louis and the State of Missouri, on the twentieth day of January, 1894, and on divers other days and times prior thereto,

the said Lorenz Dorr and Henry L. Zeller did then and there, as owners of certain premises on the south side of Washington boulevard, between Sarah street and Vandeventer avenue, and numbered 3924, did erect, construct and cause to be erected and constructed on said premises a certain brick building, and did do and cause to be done thereon certain work, without having first obtained a written permission so to do from the commissioner of public buildings in and for said city, and without then and there having such written permission from said commissioner, contrary to the ordinance in such case made and provided.''

The ordinance which defendants were charged with violating is as follows:

''Every person who, as owner, agent, lessee, builder, architect or contractor, shall commence any building in the city of St. Louis or do or cause to be done any work on the same or build the same without first having procured a permit authorizing the same from the commissioner of public buildings, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than one or more than five hundred dollars for each offense, and every day on which said work shall be done on said building, shall be commenced or exist, without such permit, shall constitute a separate offense.''

On the nineteenth of September, 1893, the defendants made written application to the commissioner of public buildings in the city of St. Louis for a permit to erect a building on the south side of Washington boulevard between Vandeventer avenue and Sarah street, stating that ''the building to be used as a dwelling.'' On the day following a permit was issued by said commissioner to defendants to erect a brick building ''to be used as a dwelling'' to be constructed in accordance with the requirements of the law and ordinances regu-

lating the erection, construction, altering and repairing of buildings in the city of St. Louis, according to the plans and specifications at that time approved by said commissioner.

The plans showed on the first story one room thirty feet wide, with a driveway inside of the main walls of the building extending from north to south. The upper floors were shown to be divided into rooms. The value of the building is from $7,000 to $12,000; it is built of brick, stone, iron and timber, according to the plains and specifications submitted to the commissioner of public buildings. During its construction the west side of the lower plan of the building, which is one large room, was used as a store room but which has since its completion been used by defendants as a cafe and fancy store, and for the purpose of carrying on the confectionery business generally, and the second floor has since then been occupied by them as their residence.

On the thirteenth day of November, 1893, the commissioner of public buildings, having learned that the building was to be used for store purposes and not as a dwelling, revoked the permit. At the time of the revocation defendants were putting the roof on and notwithstanding this action on the part of said commissioner they proceeded with the work on the building and completed it on or about the first of March, 1894.

At the close of the evidence the plaintiff asked the court to declare the law to be that if the defendants obtained the permit to erect a building to be used as a dwelling, and that thereafter the permit was revoked, and that notwithstanding such revocation the defendants continued to erect the building without any further permission, then the defendants were guilty of a violation of the ordinance, although the building

may have been erected in accordance with plans and specifications submitted by defendants to the building commissioner at the time of the issuance of the permit, and although the work on the building at the time of the revocation had progressed to the point of beginning to put the roof on the building; and, further, that although the building was erected in accordance with the plans and specifications submitted to the building commissioner at the time of the granting by him of the permit, yet, if the commissioner afterward became convinced that said building was being erected by defendants for the purpose of carrying on therein a confectionery business, and not for the exclusive use as a residence, then the commissioner could lawfully recall and revoke the permit and the defendants could not thereafter lawfully continue to erect said building without a further permit; and, further, that the written notice offered in evidence termed revocation of permit, if-served upon the defendants, had the legal effect of revoking the permit previously granted, and that defendant could not thereafter lawfully continue to erect the building without a further permit.

The court refused to give the instructions asked by plaintiff and discharged the defendants.

The offense with which defendants were charged was the erection of a brick building in the city of St. Louis, without having first obtained a written permission from the commissioner of public buildings in said city, contrary to its ordinance. The evidence adduced conclusively showed that defendants did have a permit to build a brick building to be used as a dwelling house according to certain plans and specifications submitted to said commissioner. There is no allegation in the complaint that the building was not constructed according to the plans and specifications. Indeed, the evi-

dence showed that it was constructed in accordance therewith.

That it was used in part for a business house, while the permit was to construct a brick building to be used as a dwelling, did not bring the case as shown by the evidence within the allegations in the complaint, which only charged defendants with constructing a brick building without first having obtained written permission from the commissioner of public buildings so to do. The offense charged is highly penal in its character, and the evidence adduced must bring the case clearly within the allegations in the complaint before defendants could be held amenable thereunder, and this it did not do. Nothing can be taken by intendment in such a prosecution. *City of St. Louis v. Robinson*, 135 Mo. 460.

For like reasons defendants could not have been convicted for the continuation of the work, after they were notified that their permit to build had been revoked by said commissioner.

As to whether the commissioner had any such power or not, and if so whether legally exercised, under the facts disclosed by the record, we express no opinion, for the reason that it is unnecessary to do so, under our view of the case.

Moreover, it is the commencement of any building in the city, or doing or causing to be done any work on or building the same without first having procured a permit authorizing the same, that constitutes the offense, and not the *purpose* for which the building is to be used. Under the section of the ordinance upon which this prosecution is based the commissioner had no power to restrict the use of the building to any particular purpose. Its construction was one thing, its use after constructed an entirely different one.

There was no error in refusing the declarations of law asked by plaintiff. Finding no reversible error in the record, the judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.