TEXAS COMPANY v. JOHN FISK ET AL.

Decided May 4, 1910.

**1.—Nuisance—Injunction—Storage of Combustibles.**

Evidence considered and held not to warrant an injunction against the erection of storage tanks for kerosene and gasoline near to the residence premises of plaintiffs, except so far as done in violation of city ordinances.

**2.—Same—City Ordinance.**

The erection of storage tanks for kerosene oil and gasoline within city limits in quantities prohibited by a city ordinance constituted a nuisance, and could be prevented by injunction at suit of adjacent property owners.

**3.—Same—Control of City Authorities.**

A city ordinance having prohibited the storage of kerosene oil and gasoline within its limits in excess of a specified quantity, except "in a fire-proof magazine, isolated and located in some place which the city council may approve," an injunction obtained by adjoining property owners, against the erection of storage tanks for such articles by defendant upon his premises within the city, should, on his application, have been so modified as to permit storage of the quantity not prohibited by the ordinance, and the injunction should be dissolved on the defendant procuring the approval by the city council of the location so selected for storage.

**4.—Case Followed.**

The rulings on the subject of injunction of an industrial enterprise as a nuisance in Gose v. Coryell, 59 Texas Civ. App., approved and followed.

Appeal from the District Court of Brown County. Tried below before Hon. John W. Goodwin.

*James L. Autrey* and *Robt. A. John,* for appellant.—The establishment of a business forbidden by law is a public nuisance, and equity will not interfere at the instance of a private person unless that person can show an injury peculiar to himself, apart from the general injury to the public. City of San Antonio v. Strumberg, 70 Texas, 366; Burditt v. Swinson, 17 Texas, 489; Hulsey v. Powell, 55 S. W., 862; Sellers v. Parris, 30 Fed. Rep., 164; Cranford v. Tyrrell, 28 N. E., 514; Carlton v. Rugge, 22 N. E., 55; Newark Aqueduct Co. v. Passaic, 18 Atlantic, 106; Emery v. Powder Co., 53 Am. Reports, 730; High on Injunction, secs. 762-769; Story on Equity Jurisprudence, 921-933; 2 Wood on Nuisances, 1156.

Where the remedy at law is adequate, complete and efficient, equity affords no redress. Summers v. Crawford, 91 Texas, 129; Frasher v. Coleman, 111 S. W., 662; 16 Am. & Eng. Ency. of Law, 352.

Where the business established by law is a private nuisance, equity will not interfere if the injury is the depreciation of the value of the property only. Harper v. Standard Oil Co., 78 Mo. App., 338; Wood on Nuisances, sec. 789.

Concede the increase of insurance rates upon adjacent property, yet such a burden is too remote, uncertain and problematical, and is not sufficient grounds upon which to predicate a nuisance or invoke the equity powers of the court. Benton v. Elizabeth, 39 Atl., 683; Joyce on Nuisances, sec. 387.

An injunction will be modified on motion whenever it appears that the restraint is broader than is necessary for applicant's protection, and this is especially true in an interlocutory order granting a temporary injunction, where the balance of convenience or injury is in favor of the appellant. Bancroft v. Russell, 22 S. W., 240; Elliott v. Ferguson, 103 S. W., 453; 16 Am. & Eng. Ency. of Law, 423; 22 Cyc., 1002.

A refined oil station is not a nuisance *per se,* but only becomes so,

considering the place in which it is located and the manner of conducting the same. Gavigan v. Atlantic Ref. Co., 40 Atl., 834; Standard Oil Co. v. Commonwealth, 82 S. W., 1020; Windfall Mfg. Co. v. Patterson, 62 Am. St., 532; Joyce on Nuisances, sec. 12, 387; High on Injunctions, sec. 742; Wood on Nuisances, secs. 24, 27; Church v. Willborn, 66 S. W., 285.

Equity will not interfere because an injury is threatened, where the threatened injury is uncertain and dependent upon future contingencies. Dunn v. City of Austin, 77 Texas, 142; Boyd v. Schreiner, 116 S. W., 100; Waters-Pierce Oil Co. v. Cook, 26 S. W., 97; Sanders v. Miller, 113 S. W., 996; Ryan v. Copes, 73 Am. Dec., 106; Rhodes v. Dunbar, 98 Am. Dec., 221; McGregor v. Silver King Co., 60 Am. St., 883.

Where a business is located in its appropriate locality, and where it is properly kept and conducted, the same can not be deemed a nuisance. Sherman v. Belden, 115 S. W., 897; Boyd v. Schreiner, 116 S. W., 100; Powell v. Bentley, 12 L. R. A., 53; Windfall Mfg. Co. v. Patterson, 62 Am. St. Rep., 381; Gilbert v. Showerman, 23 Mich., 448; Wolcott v. Melick, 66 Am. Decisions, 790; Marrs v. Fidler, 69 S. W., 953; Railway Co. v. Anderson, 84 S. W., 781; Joyce on Nuisances, secs. 95, 96, 98; Barnard v. Sherley, 41 Am. St., 454; Bishop Non-Contract Law, sec. 418; Wood on Nuisances, secs. 140, 788, 789.

*Arch Grinnan,* for appellees, cited: Mason v. Deitering, 111 S. W., 862; Comminge & Geisler v. Stephenson, 76 Texas, 642; Burditt v. Swenson, 17 Texas, 501.

KEY, Chief Justice.—We copy from appellant's brief the following substantially correct statement concerning this case: "The appellees filed a petition, applying for an injunction, with the district clerk of Brown County, on the 18th day of June, 1909, and presented the same to the Hon. John W. Goodwin, judge of the Thirty-fifth Judicial District, who set said application down for hearing for June 28th, 1909. On the last-named date the appellant filed its answer, and a hearing was had upon oral evidence and by way of affidavits. On June 30, 1909, the said judge endorsed his fiat upon appellees' petition, granting the injunction restraining the appellant as prayed for.

"The injunction applied for was to restrain the appellant from erecting on lots four (4) and five (5) in block three (3) of the Tannehill Second Addition to the city of Brownwood, Texas, two steel storage tanks and a corrugated iron warehouse, and from depositing, storing and placing in said tanks or on said premises oil, petroleum and gasoline. On July 11th the clerk made a minute entry of the fiat of the said judge, and from this interlocutory order granting an injunction the appellant prosecutes its appeal to this court. The evidence adduced may be epitomized as follows:

"Two of the appellees, Mrs. E. Glover and C. Van, and the Texas Company, own lots four, five and six of block three of Tannehill's Second Addition to the city of Brownwood, Texas—the Texas Company owning lots four and five, and the two last-named appellees

owning the east one-half and the west one-half of lot six, said lots constituting all of said block three. The east boundary of the said lots and block is the right of way of the Gulf, Colorado & Santa Fe Railway switch yard, in the city of Brownwood, Brown County, Texas; the southern boundary of said block is an alleyway, twenty feet wide; the west boundary is a street forty feet wide, and the northern boundary is a street forty feet wide.

"The two above-named appellees have improvements worth about eight hundred ($800) dollars each on the two one-half lots owned by them, and are using the same as rent houses exclusively, their homes being some distance away in another part of the city of Brownwood.

"The other appellees own residences in which they reside, the appellee H. H. Hart's residence being separated from the lots of appellant by the twenty-foot alley, and lies between appellant's property and the property of the appellee Eschberger. The other appellees' property is located north and west of the block in which the lots owned by appellant are located, two of the appellees being immediately across the street from the lots to the west, but at least 175 feet from where the tanks and warehouses are to be located. The lots are all fifty feet in width, but vary in length.

"Appellant was in the act of erecting upon the two lots owned by it two large steel storage tanks, having a capacity of about 11,000 gallons each, each tank having two separate compartments, the purpose being to store in one tank the two different grades of gasoline, and in the other two different grades of kerosene oil. They were also prepared to erect a corrugated iron warehouse with fireproof roof, for the purpose of storing lubricating oils, and for the purpose of filling barrels with gasoline and kerosene oils, the latter to be sold to the retail trade of Brownwood and vicinity.

"The lots owned by appellant are within 250 feet of where the Waters-Pierce Oil Company has its refining oil station, in which it stores kerosene and gasoline, and also a wooden warehouse in which it stores lubricating oils. The points—the northwest corner of lot No. 4, on appellant's property, where the storage tanks and the warehouse were to be erected—are within 100 feet of the freight depot of the Gulf, Colorado & Santa Fe Railway Co. The said oil tanks and warehouse were to be erected immediately upon the dividing line between appellant's property and the right of way or switch yard of the said Gulf, Colorado & Santa Fe Railway. Within 500 to 800 feet down the said switch yard the railway company maintains a very large fuel oil storage tank of perhaps 50,000 barrels capacity. Further down the right of way, but immediately beyond the Waters-Pierce Oil. Co.'s refining oil station, is an oil tank owned by one Boysen. Across said right of way, and along the same on the opposite side, is an ice factory, two flouring mills, an iron foundry and the oil tanks where fuel oil is stored by the city of Brownwood, all within a radius of 500 to 800 feet.

"The evidence of the appellees showed that the refined oil station of the Waters-Pierce Oil Company was conducted so that at times, and especially when the wind was favorable, the smell of kerosene oil

was disagreeable and offensive, and in one intance caused one of the tenants of the appellee to suffer with headache.

"It was further shown that an oil station, conducted like the one proposed by appellant, increased insurance rates, provided the station tanks were within seventy feet of the premises sought to be insured. The point at which appellant proposed to erect the steel tanks was the northwest corner of lot four, which would place them eighty-three feet from the house owned by the appellee, Mrs. E. Glover, seventy-five feet from the residence occupied by C. Vann, but within twenty feet of his stable, and one hundred and seventy-five feet from the nearest of the other houses occupied by appellees.

"Evidence was introduced showing the inflammable and combustible nature of gasoline and kerosene, and the fear, based upon hearsay and newspaper reports, that the same would be struck by lightning, and, if conducted as the nearby Waters-Pierce Oil Company's station is conducted, the existence of offensive odors and gases emanating from same and invading premises owned by the appellees.

"The appellant introduced evidence showing that the tanks proposed to be erected by it were fireproof, having a safety valve and vent preventing the same from being ignited or exploded; and that an oil station could be conducted, and would be by appellant, in such a manner that noxious and offensive vapors and gases would not escape therefrom; and that, within the experience of expert oil men, the same never had become ignited by fire or lightning.

"The ordinance of the city of Brownwood having been introduced in evidence, it was shown that appellees had applied to the city council, seeking to obtain from that body a disapproval of the appellant's proposed use of its property. That the city council, upon a hearing, declined to do so, and took no further action. Appellants had done nothing but unload its two steel tanks and clear a portion of the ground. Upon and contemporaneous with the granting of the injunction, appellant moved to modify said injunction, so that it could maintain an oil station with storage facilities for quantities within limits provided for in said city ordinance. The judge overruled said motion, appellant excepted to the two orders, gave notice, and now prosecutes this appeal."

The ordinance referred to reads as follows: "It shall be unlawful for any person, firm or corporation in this city to keep on hand in any house or place more than one hundred pounds in all of gun or blasting powder; or more than two hundred gallons of kerosene in barrels, tanks or cans; or more than one hundred gallons in all of turpentine, gasoline, vitriol or other liquid of a combustible nature, unless same be kept in a fireproof magazine isolated and located at some place which the city council may approve. Anyone violating this article shall be fined upon conviction therefor not exceeding fifty dollars."

We are of opinion that a violation of the ordinance would constitute a nuisance which the plaintiffs would be entitled to have restrained by injunction. However, we sustain appellant's assignment of error which complains of the action of the judge in not granting its motion to modify the injunction, so as to permit appellant to erect

its warehouse and storage tanks and permit it to use the same for storing kerosene oil, not to exceed at one time 200 gallons, and gasoline oil, not to exceed at one time 100 gallons. But for the ordinance, we are of opinion that the location of an oil station at the place referred to, and its maintenance in the manner originally intended by appellant, would not constitute a nuisance, and therefore should not be restrained; and if the city council makes a proper order approving that location, the entire injunction should be dissolved. The subject of nuisance, in regard to the establishment and maintenance of industrial enterprises, has been recently considered by this court in Gose v. Coryell, 59 Texas Civ. App., ——, and our views on the subject are expressed at some length in the opinion filed in that case, and therefore it is not deemed necessary to repeat them in this case.

For the error pointed out the case is remanded, with instructions to grant appellant's motion modifying the injunction.

*Reversed with instructions.*

Writ of error refused.