INVADER OIL & REFINING CO. OF TEXAS v. CITY OF FORT WORTH. (No. 9624.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 11, 1920. Rehearing Denied Jan. 15, 1921.)

1. **Municipal corporations** ⟞594(4)—**Ordinance does not apply to gasoline company which had obtained permits for stations before passage.**

A city ordinance relative to the construction and maintenance of gasoline filling stations should not be held to operate against and affect an oil and refining company, which had obtained all permits necessary for erection of a filling station prior to passage of the ordinance.

2. **Municipal corporations** ⟞594(1)—**Penal ordinance construed strictly against accused.**

A city ordinance relative to the construction and maintenance of gasoline filling stations, providing that any person, firm, or corporation violating any provision should be deemed guilty of a misdemeanor, etc., was penal in effect, and to be construed strictly against accused and favorably and equitably for him.

3. **Municipal corporations** ⟞594(4)—**Ordinance regulating gasoline filling stations held to apply to those in operation without permit.**

Reference in section 3 of ordinance of city of Fort Worth regulating the construction and maintenance of gasoline filling stations to consideration by the commissioners of how long existing filling stations have been in operation, and consent or acquiescence in their location by adjacent owners, etc., *held* to be to filling stations already in operation, but which had not secured permit under any ordinance.

4. **Statutes** ⟞263—**Given prospective operation, unless contrary intention clearly appears.**

Unless a contrary intention clearly and strongly appears and is manifested in appropriate words, a statute will always be given a construction that will make it operate prospectively, where to do otherwise would be to materially change existing rights.

5. **Municipal corporations** ⟞111(3)—**City ordinance, unless expressly authorized, must be reasonable.**

A city ordinance, unless expressly authorized by the Legislature, must be reasonable.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by the Invader Oil & Refining Company of Texas against the City of Fort Worth. From an adverse judgment, plaintiff appeals. Judgment reversed and rendered for plaintiff.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

Slay, Simon & Smith and T. J. Powell, all of Fort Worth, for appellee.

BUCK, J. In May, 1920, the Invader Oil & Refining Company of Texas, hereinafter called Oil Company, purchased a lot, corner of Pennsylvania and Sixth avenues, Fort Worth, for the purpose of placing thereon a gasoline filling station. The property originally cost some $16,000. There was a two-story house fronting on Pennsylvania avenue, which the Oil Company moved to the rear of the lot, facing it on Sixth avenue. On June 25th the Oil Company made an application to the chief of the fire department of the city of Fort Worth for a permit to construct gasoline tanks, etc., to be used in connection with the filling station, which permit was granted, and on June 26th secured a permit from the city building inspector to construct said filling station, at a cost of $12,350. This permit provided that, if the applicant should fail to commence work on said building within six months after date of issuance, the permit would expire by limitation. The permit secured from the fire chief provided that the city reserved the right to charge a reasonable rental price per square foot for street property used in the storing and handling of volatiles. On June 25th the applicant secured a permit from the city engineer to open the street, alley, or sidewalk necessary for laying the pipes connected with the gasoline tanks. Under the provisions of the charter and the ordinances of the city of Fort Worth, in force at this time, the securing of these permits was all that was necessary on the part of the applicant in order to construct the filling station contemplated.

The intended location of the filling station is in the residence section of the city, and the citizens living or owning property in the vicinity of Pennsylvania and Sixth avenues, in an effort to prevent the erection of the filling station at that locality, went before the city commission to protest against the erection of the structure. The protest probably resulted in the passage of the following

---

⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ordinance, June 29th, to become effective five days after passage:

"An ordinance prohibiting the erection, construction, building, maintenance or operation of gasoline stations in the city of Fort Worth and without a permit be obtained therefor from the board of commissioners of the city of Fort Worth, and providing for a penalty.

"Be it ordained by the board of commissioners of the city of Fort Worth:

"Section 1. It shall hereafter be unlawful for any person or persons, firm or corporation to erect, construct, build, operate or maintain any gasoline filling station within the corporate limits of the city of Fort Worth without having first obtained a permit for such purpose from the board of commissioners of the city.

"Section 2. The term 'gasoline filling station,' as used in section 1 of this ordinance, is hereby defined to be a place or building where gasoline or explosive oils are kept or sold to the public or supplied to owner or drivers of automobiles from such place or filling station.

"Section 3. That in granting or refusing the permit provided for in section 1 of this ordinance, the board of commissioners shall take into consideration the place where such filling station is proposed to be established, its contiguity to adjoining buildings and residences, the explosive character of the gasoline and oils to be used or sold at such filling station, the liability of such filling station to become a nuisance or offensive to the inhabitants or occupants of building and residences adjacent thereto, how long existing filling stations have been in operation, and the consent or acquiescence in their location by the occupants or owners of the adjacent buildings or residences.

"Section 4. That any person or persons, firm or corporation violating any provision of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not less than ten dollars nor more than two hundred dollars, and each day's violation of any of the terms of this ordinance is hereby declared to be a distinct and separate offense, and punishable as such.

"Section 5. This ordinance shall take effect and be in force from and after its passage and publication as required by law."

The Oil Company proceeded with the work of construction until their foreman was arrested for a violation of this ordinance, whereupon the Oil Company sought to enjoin the city of Fort Worth and its officers from interfering with the plaintiff in the further erection of the filling station. A temporary writ having been granted, upon final hearing on October 22, 1920, the district judge entered a judgment that the injunction as to the erection of the building on said lot would continue in force against the city, but that the city was not enjoined from enforcing the ordinance in question and from preventing installing of the gasoline tanks, pumps, or other equipment for the storage of gasoline at said place for sale to the public, and the city was not enjoined from enforcing its ordinances prohibiting the making, construction, or use of driveways or approaches over the curbing and sidewalks around said lot. To this judgment the plaintiff excepted and gave its notice of appeal.

In the briefs of appellant and appellee many authorities are cited and much thought and research on the part of their counsel is shown. Appellant presents the proposition that by the granting of the several permits by the proper authorities of the city of Fort Worth the appellant became vested, not only with the right to erect and construct the building for a gasoline station on the lot in controversy, but also became vested with the right to install all apparatus, tanks, pumps, etc., for the completion of said property as a gasoline station, and also of the right to operate said property as a filling station upon the completion of the same. Its counsel cites in support of this contention such cases as City of Lowell v. Archambault, 189 Mass. 70, 75 N. E. 65, 1 L. R. A. (N. S.) 458; Buffalo v. Chadeayne, 134 N. Y. 163, 31 N. E. 443; Dainese v. Cooke, 91 U. S. 580, 23 L. Ed. 251; Gallagher v. Flury, 99 Md. 181, 57 Atl. 672; St. Louis v. Dorr, 136 Mo. 370, 37 S. W. 1108; City of Houston v. City Ry. Co., 83 Tex. 548, 19 S. W. 127; Texarkana Gas & Electric Co. v. City of Texarkana, 58 Tex. Civ. App. 109, 123 S. W. 213; Krause et al. v. City of El Paso, 101 Tex. 211, 106 S. W. 121, 14 L. R. A. (N. S.) 582, 130 Am. St. Rep. 831; Barthet v. City of New Orleans (C. C.) 24 Fed. 563. Appellee seeks to answer the authorities relied on by appellant, and to distinguish some of them from the case at bar, and cites a long list of authorities in support of the city's contention that the ordinance in question is well within the police power of the city. Some of these authorities are Fischer v. City of St. Louis, 194 U. S. 673, 24 Sup. Ct. 673, 48 L. Ed. 1018; Newson v. City of Galveston, 76 Tex. 559, 13 S. W. 368, 7 L. R. A. 797; Douglas v. City Council of Greenville, 92 S. C. 374, 75 S. E. 687, 49 L. R. A. (N. S.) 958; Wilson v. Eureka City, 173 U. S. 32, 19 Sup. Ct. 317, 43 L. Ed. 603; Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; Texas Company v. Fisk, 60 Tex. Civ. App. 610, 129 S. W. 188; Ry. v. Garrett, 231 U. S. 298, 34 Sup. Ct. 48, 58 L. Ed. 229; Auto Transit Co. v. Fort Worth, 182 S. W. 685.

[1, 2] The appellant and appellee both cite numerous cases, the first in an effort to show that the ordinance in question is invalid for various reasons not necessary here to enumerate, and the other in an effort to show that said ordinance is valid and enforceable. But we have concluded that it is not necessary for us to take up and discuss the question of the validity of the ordinance in so far as it may affect the issuance of future permits, for we have reached the con-

clusion that the ordinance of June 29th should not be held to operate against and affect one that had obtained all the permits necessary for the erection of a filling station prior to the passage of said ordinance. If the ordinance should be held to affect those who had already secured permits under the existing law, but had not constructed the building authorized by the permits, it should also be held to require of every filling station in the city of Fort Worth to secure a permit under the new ordinance before it would be authorized to continue in business. This ordinance is penal in effect, and should be construed strictly against the accused and favorably and equitably for him. Sutherland on Statutory Construction, p. 275, § 208; 25 R. C. L. p. 1081, § 301; Railway v. Campbell, 91 Tex. 551, 45 S. W. 2, 43 L. R. A. 225. In the citation from Ruling Case Law, the author says:

"It has long been the well-settled general rule that penal statutes are subject to the rule of strict construction. They will not be construed to include anything beyond their letter, even though within their spirit, and nothing can be added to them by inference or intendment. More correctly it may be said that such laws are to be expounded strictly against an offender and liberally in his favor. This can be accomplished only by giving to them a literal construction so far as they operate penally, or, at most, by deducing the intention of the Legislature from the words of the act. In extension of the letter of the law nothing may be assumed by implication, nor may the mischief intended to be prevented or redressed, as against the offender, be regarded in its construction."

[3, 4] There is nothing in the ordinance under consideration which expressly revokes the permits theretofore granted by the designated authorities of Fort Worth for the erection of the filling station. Under section 3, where it enumerates the things to be considered by the commissioners in granting or refusing a permit, it provides that said commissioners may consider "how long existing filling stations have been in operation, and the consent or acquiescence in their location by the occupants or owners of the adjacent buildings or residences." We are of the opinion, in view of the strict rule of construction to be invoked, that this reference should be held to refer to filling stations already in operation, but which had not secured a permit under any ordinance. Unless the intention clearly and strongly appears, and is manifested in appropriate words, a statute will always be given a construction that will make it operate prospectively, where to do otherwise would materially change existing rights. Southwestern Coal & Improvement Co. v. McBride, 185 U. S. 499, 22 Sup. Ct. 763, 46 L. Ed. 1010; Am. Digest (Decennial Ed.) vol. 18, p. 1028, § 265. Every man is presumed to know the law; and it would seem that, before any one should be punished either in a criminal or civil action for an act .claimed to be penal, the offense should be clearly defined, and that any grave doubts as to the intention of the Legislature should be resolved in favor of the defendant. G., C. & S. F. Ry. Co. v. Dwyer, 84 Tex. 194, 19 S. W. 470.

[5] There is a further consideration that might be noted, that while a statute, although subordinate to the Constitution, is not dependent for its validity upon its reasonableness, yet an ordinance, unless expressly authorized by the Legislature, must be reasonable. 25 R. C. L. p. 762, § 4; 19 R. C. L. p. 805, § 112; Milliken v. City of Weatherford, 54 Tex. 388, 38 Am. Rep. 629; Mills v. M., K. & T. Ry. Co., 94 Tex. 242, 59 S. W. 874, 55 L. R. A. 497.

The evidence in this case was that appellant had spent $16,000 preparatory to building this filling station, and it would appear unreasonable, if it had secured the necessary permits under the law then existing, that it should be prohibited from completing and operating said station by a law subsequently passed. We think it is the court's duty, when permitted under the facts, to construe the law so that its operation will not work a hardship on an individual. This conclusion is reached with full knowledge that the courts of our state, the Supreme Court of the United States, and the courts of other states have held that, under the police power possession by municipal corporations, a municipality is not estopped to withdraw its privilege or permit theretofore granted to conduct a business within its confines. Such cases as Newson v. City of Galveston, 76 Tex. 559, 13 S. W. 368, Hadacheck v. Sebastian, 239 U. S. 394, 36 Sup. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927, Ex parte Broussard, 74 Tex. Cr. R. 333, 169 S. W. 660, L. R. A. 1918B, 1091, Ann. Cas. 1917E, 919, and other cases, are cited by appellee in support of the principle contended for by it. But we merely hold that the ordinance passed June 29, 1920, when reviewed under the canons of construction applicable, does not prohibit the construction of the filling station in controversy under permits theretofore legally granted.

The judgment is reversed, and here rendered for appellant, making permanent the temporary injunction theretofore granted by the trial court against the appellee.