**ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. DURHAM. (No. 2805.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 3, 1923. Rehearing Denied Nov. 15, 1923.)

1. Appeal and error ⊚⇒994(2)—Credibility of witnesses is for jury.

Whether the testimony of plaintiff and his witness was true, is for jury, and not for the appellate court.

2. Trial ⊚⇒260(1)—Where given charge covered requested special charge, refusal to give latter not error.

Error could not be predicated on refusal to give requested charge where given charge sufficiently covered point involved in requested charge.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by G. I. Durham against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Keeney & Dalby, of Texarkana, and Johnson & Waters, of New Boston, for appellee.

LEVY, J. The suit is by the appellee to recover damages for personal injury, consisting of a mashed finger, alleged to have been received by him while in the employ of appellant company as a section laborer. The appellee alleged, as grounds of negligence, that he, W. C. Crabtree, Fred Simmons, and Hartwell Thomas were engaged in lifting a hand car from the main line track to give a clear track to an on-coming train, and that Hartwell Thomas gave the hand car a sudden jerk or surge, causing appellee to fall, get his finger caught between some part of the hand car and the rail, and thus injured him. The appellant pleaded a general denial and assumed risk. It was agreed that appellant was engaged in interstate commerce when the alleged injury occurred. The case was submitted to a jury on a general charge, and they returned a verdict in favor of the appellee. There is involved in the verdict of the jury the finding of fact that there was negligence, as alleged, proximately causing an injury to appellee, and that the cause of the injury did not arise from a risk ordinarily incident to the work. There is testimony, though conflicting, on which the jury could have based the verdict.

[1, 2] The appellant insists that the verdict is unsupported by sufficient credible evidence, and is at variance with the overwhelming weight of testimony. The evidence relating to the cause of the injury is substantially the same as appears in the companion case of W. C. Crabtree, and it was determined in that case that it was within the province of the jury to pass upon the evidence as it was given before them, and that this court did not feel warranted in setting the verdict aside. The court's charge sufficiently covered the point involved in the special charge refused by the court and complained of in the second assignment.

The judgment is affirmed.