## CAIN v. CITY OF SAN ANTONIO et al.
### No. 8400.

Court of Civil Appeals of Texas. San Antonio.
March 5, 1930.

Rehearing Denied May 14, 1930.

Church & Graves and W. Sim Gideon, all of San Antonio, for appellant.

T. D. Cobbs, Jr., and C. K. Quin, both of San Antonio, for appellees.

SMITH, J.

On January 28, 1929, appellant, Grover C. Cain, applied to the proper officials of the city of San Antonio for a permit to construct a "drive-in" gasoline filling station upon the southwest corner of the intersection of Evergreen and McCullough streets in said city. This application was not acted upon by the city authorities, and, on October 7, 1929, appellant filed a second application for the same purpose. These applications were properly prepared and presented in accordance with appropriate ordinances of the city, whereby the city commission was required to perform the governmental function of rejecting or approving such application, and refusing or granting such permit. The commission having failed to act upon the application, appellant, on December 2, 1929, brought this action against the city and its officials for a mandatory injunction requiring them to act upon and grant the application, restraining them from interfering with appellant in the construction of the filling station named, and further restraining them from granting a similar permit to any other person to construct a similar filling station upon any other corner of said street intersection, it being al-

leged that one S. Van Wie had filed such application subsequent to the filing of appellant's first application. The trial court denied any relief to Cain, who has appealed.

It was contended by appellant in both his pleadings and evidence that the city commissioners, and particularly the commissioner of fire and police, had unreasonably delayed action upon appellant's applications, conceded to be in accordance with the requirements of the city ordinance, both in form and substance. It is also shown that after appellant filed his applications, S. Van Wie filed a similar application for permission to construct a filling station like that proposed by appellant, upon a site diagonally across the street from appellant's proposed location. It is contended that the city commissioners, or at least the fire and police commissioner, had unfairly and unreasonably jockeyed the junior Van Wie application into moral precedence over the senior Cain application, and intends to grant the former and deny the latter, thereby effecting an unreasonable discrimination against appellant.

The trial court found, however, that at the time the suit was commenced the city commissioner immediately charged with the duty of passing upon such applications "was making an honest effort to reach a correct conclusion as to the recommendation he would make on said last mentioned application for the approval of said site as a drive-in gasoline filling station, when this suit was filed; that he had not reported his findings to the Mayor and Commissioners."

The trial court further found "that the Mayor and Commissioners were acting within their discretion in the matter under the ordinance in question, looking to the comfort, convenience, order, and good government of the City of San Antonio in causing such investigations to be made by Commissioner Wright and in acting on his recommendation on said applications, and said action was not arbitrary." And that "this suit was filed before Commissioner Wright had made his recommendation to the Mayor and Commissioners on said last mentioned Cain application.'

There was evidence to support these findings, which are binding upon this court, notwithstanding there was some evidence tending to show that the fire and police commissioner dilly-dallied with appellant's applications for the apparent purpose, or at least having the effect, of giving advantage to a competing applicant. It was the province of the trial judge to resolve this issue, and we cannot say he abused his discretion in finding as he did.

In view of this finding the trial court properly denied the mandatory injunction requiring the commissioners to act upon appellant's application, or to grant the permit therein sought. Nor was appellant in any event entitled to an order restraining the commissioners from granting a permit to Van Wie. We overrule appellant's fifth and seventh propositions of law. We also overrule the sixth proposition. The question of whether or not the proposed location of appellant's filling station was in a residence district was one of fact, which was resolved against appellant by the trial court, upon sufficient evidence.

Appellant's remaining propositions raise the question of the constitutionality of the city ordinance under which appellant made application for the permit in question. The validity of that ordinance was considered and upheld by this court in the case of City of San Antonio v. Robt. Thompson, Inc., 23 S.W. (2d) 796, decided on November 16, 1929, and for the reasons given in the opinion in that case, appellant's contentions must be overruled.

The judgment is affirmed.