CITY OF AUSTIN et al. v. DEATS. *
No. 7500.

Court of Civil Appeals of Texas. Austin.
Oct. 29, 1930.

Rehearing Denied Nov. 19, 1930.

*For opinion denying second motion for rehearing, see 34 S.W.(2d) —.

J. Bouldin Rector, A. L. Love, and Geo. E. Shelley, all of Austin, for appellants.

Jno. W. Hornsby and Stanley C. Hornsby, both of Austin, for appellee.

BLAIR, J.

An ordinance passed by the city of Austin reads, in part, as follows:

"Sec. 1. That it shall be unlawful for any person to erect, construct, build, operate or maintain any gasoline filling station within the corporate limits of the City of Austin without having first obtained a permit for such purpose from the City Council.

"Section 2. That the term 'gasoline filling station' as used in Sec. 1 of this ordinance is hereby defined to be a place or building where gasoline or other explosive oils are sold to the public or supplied to owners or drivers of automobiles from such place or filling station.

"Section 3. That in granting or refusing the permit provided for in Sec. 1 of this ordinance, the City Council shall take into consideration the place where such filling station is proposed to be established, its contiguity to other buildings and residences, the explosive character of the gasoline and oils to be used or sold at such filling station, the location of public buildings, schools and places of public resort with reference to the location of such filling station, the character and condition of public traffic on the streets immediately contiguous and in the neighborhood of such proposed station, the hazards presented by the use of the sidewalks as a means of ingress and egress to such filling station, the liability of such filling station to become a nuisance or offensive to the inhabitants or occupants of buildings or residences adjacent thereto or in the neighborhood thereof, the length of time that existing filling stations have been in operation and the consent to or acquiescence in and location by the occupants or owners of the adjacent buildings or residences.

"Section 4. That any person who may violate any provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined any sum not less than $10.00 nor more than $200.00 and each day's violation of any of the terms of this ordinance is hereby declared to be a distinct and separate offense and punishable as such."

Appellee made various applications for a permit to construct a gasoline filling station on his property at the intersection of Rio Grande and Nineteenth streets, which were refused; and he instituted this proceeding for a mandamus to compel the issuance of the permit and to enjoin the city and its officials from interfering with him in the construction and operation of the gasoline filling station, alleging: (a) That, assuming the ordinance to be valid, the refusal of his permit under the facts was arbitrary and constituted an unfair and unjust discrimination against him; and (b) that the ordinance deprived him of his property without compensation and took it without due process of law, and denied him equal protection of law, in violation of both federal and state Constitutions.

The case was tried without a jury and the trial court found: (a) That appellants acted arbitrarily in refusing appellee's permit, and were "guilty of an unfair and unjust discrimination" against him under the facts; and (b) that the ordinance was invalid on its face, "for the reason that said ordinance attempts to authorize and empower said city council to prejudge and declare a legitimate business a nuisance per se, without regard to whether it was in fact, and before such business has come into existence; and because such' ordinance would deprive the plaintiff of the lawful use of his property, which is a deprivation of the property itself, without due process of law guaranteed under both the federal and state constitutions." Appellee was awarded a permanent injunction against appellants as prayed; hence this appeal.

The evidence shows that appellee first made application for the permit April 27, 1927, about three months prior to the enactment of the ordinance; and since its enactment he has made several applications for the permit; all of which have been refused by the city council without any reason being given for such refusal; and in some instances the city council delayed passing upon the applications without any excuse for such delay. The city council did not give to appellee a hearing on any of his applications. The evidence is also undisputed that the city council had both before and after the passage of the ordinance granted several permits to other persons to locate gasoline filling stations of a type similar to that appellee desired to construct on the same street and at points which came more nearly within the inhibitions specifically enumerated in the ordinance. The same was also shown to be true with respect to permits granted to other persons on other streets in the city, both before and after the passage of the ordinance. The city council was not shown to have at any time heard any evidence concerning the question of whether the operation of appellee's filling station might be reasonably expected to constitute a nuisance; nor was it shown that any person owning a residence or business in the immediate vicinity of appellee's property ever

protested or made any complaint with regard to the construction of the filling station; and the only evidence appellants offered on the trial of the case in the district court was that of its city engineer, who testified that the construction of the filling station at the point in question would tend to increase traffic hazards; but admitted that the city council had granted permits to others on the same street, which, as regards traffic hazards, were "in a more aggravated form." Appellee's witness controverted the city engineer's testimony on the issue of increased traffic hazards. The evidence also shows that appellee offered to set his property line or curb back ten feet in order to offset traffic hazards. The evidence showed that appellee's property was of greater value for a filling station than for a residence, for which purpose it had been theretofore used. The agreed facts showed that on Nineteenth street, beginning on the block where appellee's property was situated and extending east six contiguous blocks, there were thirteen various business institutions, including several filling stations of the kind appellee proposed to construct and operate. A real estate agent of long standing and familiar with the conditions in Austin, testified that Nineteenth street was now practically a business street within the distance of the six blocks, and that it would eventually become so entirely.

Appellant's first contention is that the evidence above detailed fails to show that the refusal of the permit was arbitrary or discriminatory; but to the contrary shows that its refusal was a reasonable exercise of the discretionary powers vested in the city council, as regards such matters; and that this is especially true, in view of the rule that the exercise of such discretionary powers by the city council is not subject to judicial review, in absence of clear evidence that such discretion has been abused. We have reached the conclusion that the evidence supports the findings of the trial court that the action of the city council in refusing the permit was arbitrary and constituted an unfair and unjust discrimination against appellee; and that these findings are binding upon this an appellate court. Cain v. City of San Antonio (Tex. Civ. App.) 28 S.W.(2d) 190. The city council dilly-dallied with appellee's applications for the permit, and then refused them without giving any reason for the action. It granted permits to other persons to locate gasoline filling stations on the same street and at points which come more nearly within the inhibitions specifically enumerated in the ordinance, and at no time gave appellee a hearing on his applications. The evidence detailed supports the trial court's findings, and was sufficiently clear to show an abuse of the council's discretion in the matter.

Nor do we sustain appellants' contention in this connection that the acts of the city council are immaterial in granting permits to other persons at points on the same street and on other streets, on the question of whether the city council acted arbitrarily in the matter. Appellants cite, in support of this contention, the case of Zucht v. King (Tex. Civ. App.) 225 S. W. 267; Riggs v. City of Hot Springs, 181 Ark. 377, 26 S.W.(2d) 70; Chimene v. Baker, 32 Tex. Civ. App. 520, 75 S. W. 330. But these cases are not in point; they simply hold that the acts of the city council in granting or refusing such permits are not to be considered in arriving at the validity or invalidity of a particular city ordinance. The question here is the authority of the courts to review the action of a municipal corporation exercising its police power to determine whether it has acted reasonably or arbitrarily in the premises.

Appellants' second contention is that the various acts of the city council in refusing appellee's application for a permit and in granting the permits to others similarly situated to appellee were immaterial, and afforded no reason for the granting of the injunction, if in fact the council's action was a reasonable exercise of its discretionary powers. This proposition merely states the question above discussed in another way. However, it is based upon appellants' special answer that, because of the construction and operation of the particular filling station at the point in question, it would tend to increase traffic hazards; to interfere with lighting of the streets; to obscure the view of persons traveling on the streets; create additional violations of the traffic laws; interfere with citizens in the use of their nearby residences; increase the fire hazard by storage of oil and gasoline and other inflammables on the premises, thereby creating a nuisance, which the city under its police power had the right to regulate and control, in aid of and as promoting the public health, safety, or welfare of its inhabitants.

The trial court specifically found on all these issues contrary to appellants' contention, and that the construction and operation of the gasoline filling station under the evidence adduced did not create a nuisance, nor interfere with the public health, safety, nor welfare of the citizens of Austin, as alleged by appellants. In this connection, appellants further contend that, since there was a conflict in the evidence as to whether the construction and operation of the filling station would constitute a nuisance, the action of the city council in the matter was conclusive upon the courts, unless the acts of the city council were clearly arbitrary. We have already disposed of the question that the council acted arbitrarily. As supporting this contention, appellants cite the cases of Heckman v. City of Independence, 127 Kan. 658, 274 P. 732; Huddleston v. Burnett, 172 Ark. 216, 287 S. W. 1013; Wood v. City of Chickasha, 125

Okl. 212, 257 P. 286. A careful examination of these cases shows they merely hold that, while a city may not declare by ordinance a lawful business to be a nuisance per se, it may do so upon proof that it may reasonably become a nuisance by operation; and that neither a trial court nor an appellate court, reviewing the action of a municipal corporation exercising police power upon sufficient evidence that a business may reasonably become a nuisance by operation, will disturb the action of the municipal corporation. In other words, these cases follow the well-settled rule announced in 7 R. C. L. (permanent supplement) 4714, § 112, as follows: "The judicial department of the government has authority to review the action of a municipal corporation exercising the police power, and restrict it to what is reasonable. Pearson v. Twohy Bros. Co., 113 Oregon, 230, 231 P. 129, 36 A. L. R. 1113." See also Ex parte Adlof, 86 Tex. Cr. R. 13, 215 S. W. 222; Invader Oil Co. v. Ft. Worth (Tex. Civ. App.) 229 S. W. 616; Bowie v. Painter (Tex. Civ. App.) 255 S. W. 498.

A complete answer of this contention of appellant will also be found in the fact that the city council did not base their refusal of the permit upon any hearing or evidence which tended to show that the filling station would reasonably become a nuisance by operation.

Our above holding that the city council acted arbitrarily and unreasonably in refusing appellee's permit to construct the filling station disposes of the entire case, and it is not necessary that we pass upon the constitutionality of the ordinance in question. However, in passing, we find that similar ordinances have been upheld in numerous cases by the Courts of Civil Appeals in this state and by courts in other states. The following cases are now pending in the Supreme Court on writ of error involving the constitutionality of ordinances similar to the one in question: City of San Antonio v. Thompson (Tex. Civ. App.) 23 S.W.(2d) 796; City of Wichita Falls v. Continental Oil Co. (Tex. Civ. App.) 5 S.W.(2d) 561.

We find no error in the trial court's judgment, and it is affirmed.

Affirmed.