E. H. KELLER ET AL. v. G. W. HOLLINGSWORTH.

78 653|
83 76|

No. 3040.

1. **Trespass to Try Title—Description of the Land.**—The only locative call in a deed being the east line of the Jennings survey, the land, being described by lines with only courses and distances from said line, will be located upon such boundary wherever it may be found. See example.

2. **Mistake in Deed.**—In an action of trespass to try title, the defense being disclaimer and not guilty, the plaintiff can not by testimony correct a defective description in a deed the foundation of his title.

APPEAL from Tarrant. Tried below before Hon. Sam. Furman, Special District Judge.

This is an action of trespass to try title to two-thirds of a tract of 2½ acres. In the title exhibited by the plaintiffs the land is bounded by the east line of the Jennings survey, of which it is part. It extends west from said east line 100 varas.

It also appears that upon a resurvey the east line of said Jennings survey was found to be 136 varas further east than it was supposed to be at the time of the alleged deed from Jennings and wife under which the plaintiffs claim.

There are no calls other than course and distance from said east line to identify the land in the deeds from Jennings to Nance and from Nance to Mitchell, links in the chain of title sought to be established by the plaintiffs. The land in controversy is located upon the east line as it was supposed to be.

It is evident that from the corrected line measuring the distance west 100 varas the lines would not reach the land in controversy by 36 varas.

The opinion is based upon these facts: The defendant disclaimed. The court in its findings of fact held: "1. That the evidence adduced on the trial shows no chain of title from S. G. Jennings to plaintiffs conveying any part of the S. G. Jennings 542 acres survey. 2. The land, if any, conveyed by G. Nance to E. M. Mitchell, that described in the deed from Mitchell and wife to Hendricks and from Hendricks to Daggett" (under whom plaintiffs claim), "embraces no part of the land in controversy."

The annexed map shows the position of the lot sued for as affected by the confusion as to the locality of the east line of the said Jennings survey.

Judgment was rendered for defendant and plaintiffs appealed.

*J. C. Scott*, for appellants.— The land in controversy is a part of 2½ acres conveyed by Nance to Mitchell in 1868, which Nance had acquired from Jennings and wife in 1867. Mitchell and wife conveyed the same 2½ acres to Hendricks and Hendricks to Daggett in 1872. Daggett thereafter called it "block No. 9, Hirshfield's addition to Fort Worth," for convenience sake, and conveyed 132 by 100 feet of it to Samuels in 1876, under whom plaintiffs deraign their title by regular chain and the land identified; therefore the call for the east line of the original survey should be disregarded, being shown to be an erroneous call. Jones v. Burgett, 46 Texas, 286–291; Ragsdale v. Robinson, 48 Texas, 386; Boon v. Hunter, 62 Texas, 588.

*J. Y. Hogsett* and *S. P. Greene*, for appellee.— The second finding of fact by the court, that the land, if any, conveyed by G. Nance to E. M. Mitchell, described in deed from E. M. Mitchell and wife to H. G. Hendricks, and from H. G. Hendricks to E. M. Daggett, embraces no part

of the lot in controversy, was correct.   Anderson v. Stamps, 19 Texas, 460;
Robertson v. Mosson, 26 Texas, 252, 253.

HENRY, ASSOCIATE JUSTICE.—Appellants brought this suit to recover
an undivided two-thirds interest in a town lot in the city of Fort Worth,
part of a survey patented by the State of Texas to Sarah Gray Jennings.

The cause was tried by the court without a jury.   The parties agreed
in writing that the S. G. Jennings patent was their common source of title.

The pleadings of the parties describe the land differently, but appel-
lants admit that the land described in defendant's pleadings is the identi-
cal land sued for by them.

The evidence offered by plaintiffs to establish the first two links in their
chain of title from the agreed common source was the deposition of one
Nance, who testified that T. J. Jennings and wife (without stating the
name of the wife or otherwise identifying her) conveyed to him 10 acres
of land, described as follows:   " Begin 282½ varas south from the north-
east corner of said S. G. Jennings survey, a stake in the 'east line of said
survey; thence south with the said line 282½ varas; thence west 200 varas;
thence north 282½ varas; thence east 200 varas to the place of beginning."

·This witness testified that he conveyed to E. M. Mitchell out of said
10-acre tract 2½ acres, described as follows:   " Begin 281½ varas south
from the northeast corner of the S. G. Jennings survey; thence south with
the east line of said survey 141½ varas; thence west 100 varas; thence north
141½ varas; thence east 100 varas to the place of beginning."

The evidence shows that if the land is surveyed on the east line of the
Jennings survey, according to these calls it will not reach to or include
the land in controversy, which lies considerably west of said east line.

The same witness stated that at the time when said deeds were made the
east line of the S. G. Jennings survey was claimed to be west of where it is
now established by actual survey, and that the land in controversy would
be included in the above descriptions if said east line had actually been
where it was then believed to be.

· The witness also speaks in a general way of corrections being subse-
quently made, but he does not state with sufficient particularity by whom
the corrections were made or what they were, to make the evidence of any
effect.

The defendant introduced in evidence a deed to himself for the land in
controversy made by S. G. Jennings subsequent to the institution of this
suit.   No effect other than to place the lands conveyed through them on
the eastern boundary of the survey can be given the deeds about which
the witness Nance testified.   They contain no call or description by which
the land can be identified elsewhere, and the evidence of a mistake in
making the conveyances is entirely too vague, indefinite, and insufficient

to authorize the reformation of the deed, even if that relief had been sought in a proper time and manner.

The defendant was entitled to a judgment; not only because plaintiffs failed to connect themselves with the agreed common source of title, but also because he connected himself with not only the common source but also the sovereignty of the soil.

The judgment is affirmed.

*Affirmed.*

Delivered November 25, 1890.