**CITY OF FORT WORTH v. INVADER OIL & REFINING CO.  (Nos. 300–3611.)**

(Commission of Appeals of Texas, Section A. March 15, 1922.)

1. **Municipal corporations ⊙⇒594(1) — Ordinance as to gasoline filling stations held not applicable to one obtaining permit before its passage.**

Where an oil company obtained necessary permits from a city for the erection of a filling station prior to the passage of an ordinance relative to the construction and maintenance of such filling stations, the ordinance does not operate as to such company.

2. **Appeal and error ⊙⇒1175(7)—Judgment of Court of Civil Appeals in making temporary injunction permanent held unauthorized.**

Where a temporary injunction had been granted restraining a city from interfering with the construction of a gasoline filling station, but the judgment left unadjudicated various issues injected into the case by the pleadings and on which there should be a decision on the merits on a final hearing, judgment of Court of Civil Appeals on appeal making the temporary injunction permanent was unauthorized.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by the Invader Oil & Refining Company against the City of Fort Worth. Judgment adverse to plaintiff was reversed by the Court of Civil Appeals (229 S. W. 616), and defendant brings error. Reversed and remanded, with instructions as recommended by the Commission of Appeals.

T. J. Powell and Slay, Simon & Smith, all of Fort Worth, for plaintiff in error.

Bert G. Wood and Thompson, Barwise, Wharton & Hiner, all of Fort Worth, for defendant in error.

SPENCER, P. J. On September 25, 1920, defendant in error, Invader Oil & Refining Company of Texas, instituted this suit against plaintiff in error, the city of Fort Worth, alleging, in substance, that it was proceeding to erect and construct, in virtue of a building permit issued by the proper officers of the city of Fort Worth, in accordance with the plans and specifications which said officers had approved, a gasoline filling and oil station upon property owned by it situated in the city of Fort Worth and upon which it had expended large sums of money, when the city, acting through its police commissioner, arrested its foreman in charge of the construction, and threatened to arrest and incarcerate in jail the agents and servants of defendant in error if they persist in their efforts to erect such structure, and that, unless restrained, it would carry out the threats and prevent the erection of the building. The court issued a temporary injunction granting the relief prayed for.

On October 13, 1920, the city filed its answer to this petition, consisting of a general demurrer and a general denial, except as to facts admitted in its answer. It specially pleaded that on June 29, 1920, in virtue of the authority conferred upon it by its charter, it enacted an ordinance making it unlawful for any person, firm, or corporation to construct or maintain a gasoline filling station within the corporate limits of the city, without first obtaining a permit for such purpose from the board of commissioners of the city, and that the expenditures by the company were subsequent to the enactment of this ordinance.

It also alleged that long prior to the time defendant in error conceived the idea of erecting and maintaining this filling station there existed a city ordinance regulating the handling and storage of gasoline, which ordinance would be violated by the maintenance of such gasoline station; that there was an ordinance which made it unlawful to cut into any curbing along the streets of the city or make any approaches over the sidewalks thereof; and that the maintenance of such a station would constitute a nuisance in that it would result in a menace to the health and happiness of the occupants of residences adjacent thereto because of the escaping noxious vapors, poisonous gases, and the noises of motorcars to be served, and a constant source of danger to pedestrians using the sidewalk adjacent thereto by the going in and coming out of motorcars at the station, which nuisance it had authority to abate. On the same day that it filed its answer, it also filed a motion to dissolve the temporary injunction.

Defendant in error filed its supplemental petition to the city's answer, consisting of a general demurrer and general denial. As to the ordinance of June 29, 1920, it pleaded that the ordinance was passed after the issuance of the permit by the city, and that this ordinance could not militate against the vested right conferred by the permit under which it had commenced the erection of the structure. It also pleaded that the ordinance with reference to storage of gasoline and other explosive oils had been repealed prior to the issuance of its permit. While admitting the power of the city to abate nuisances, it pleaded a want of power upon the part of the city to declare, in substance, that the maintenance of such a station would be a nuisance. It denied the applicability of the ordinance pleaded by the city regulating the handling and storage of gasoline to the issues of this case, but alleged that it had installed suit-

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

able appliances to meet the requirements of subsequent ordinances regulating the handling of gasoline and explosive oils.

Upon the motion to dissolve the injunction the court concluded that the ordinance of June 29, 1920, was a valid exercise of the police power of the city; that the ordinance with reference to securing permits from the city commissioners for the construction of driveways and approaches over the sidewalks of the city applied to all persons, firms, and corporations. In so far as enjoining the city from interfering with the construction and erection of the filling station, the court dissolved the injunction, but, in so far as the erection of a building upon the lot was concerned, the injunction was continued in force. The city was not enjoined from enforcing the ordinance and preventing the installing of equipment for the storage of gasoline, nor enjoined from enforcing its ordinance prohibiting the construction or use of driveways over its sidewalks.

[1] Upon appeal the Court of Civil Appeals held, and we think correctly so, that the city ordinance relative to the construction and maintenance of gasoline filling stations does not operate against nor affect the defendant in error, because it had obtained all necessary permits for the erection of the station prior to the passage of the ordinance. Upon this holding it reversed the judgment of the trial court and rendered judgment making permanent the temporary injunction. (Tex. Civ. App.) 229 S. W. 616.

[2] In our opinion the honorable Court of Civil Appeals erred in making the injunction permanent. It is clear from a reading of the condensed statement of the pleadings, above set out, and the judgment of the trial court that its judgment was interlocutory merely, and not a final judgment. It leaves unadjudicated the various issues injected into the case by the pleadings and upon which there should be a decision upon the merits upon a final hearing. The authorities in this state are uniform in holding that an order dissolving an injunction is interlocutory, and that the disputed facts are not determined upon such a motion. Smith v. Ryan, 20 Tex. 661; Merritt v. Clow, 2 Tex. 582; Green v. Banks, 24 Tex. 522.

It is our view, and we recommend, that the judgment should be reversed, but, instead of being rendered, that it be remanded, with instructions to continue the injunction in force until there is a final judgment upon the merits.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals reversed, and cause remanded to the district court, with instructions to continue the injunction in force until there is a final judgment upon the merits.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

