CURETON, C. J. The opinion of the Commission of Appeals is adopted, and mandamus awarded.

---

### McCARTY et al. v. PUGH et ux. *
(No. 568–4028.)

(Commission of Appeals of Texas, Section A. Oct. 15, 1924.)

1. **Judgment** &#9750;714(1)—**Finding as to location of land in controversy with respect to land involved in prior litigation held to leave no issue of res judicata for consideration.**

Finding of jury that land in controversy was wholly in lot No. 6, and was west of west line of another tract involved in prior litigation, *held* to leave no issue of res judicata for consideration.

2. **Evidence** &#9750;461(3)—**In absence of proper proceeding to reform deeds they must be given effect according to their plain meaning, and cannot be by intention of parties.**

In trespass to try title, in absence of proper proceeding and proper parties to correct or reform deeds involved, they must be given effect according to their plain and unambiguous meaning, and cannot be limited by what may have been intention of parties at time of their execution.

3. **Trespass to try title** &#9750;35(2)—**Defendants held entitled to show outstanding title under pleading.**

Defendants specially pleading defense of res judicata and estoppel, and only special title

pleaded being that of limitations, are entitled to show outstanding title to defeat plaintiffs' case under their plea of not guilty.

4. **Trial** &#9750;351(2)—**Defense not waived by not requesting issue to be submitted to jury where facts undisputed.**

Defense was not waived by failing to request issue to be submitted to jury, where facts were undisputed.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Walley Pugh and wife against C. J. McCarty and others. From judgment of Court of Civil Appeals (253 S. W. 690) affirming a judgment for plaintiffs, defendants bring error. Reversed and remanded.

Fogle & Gentry, McDonald Meachum, Kennerly, Lee & Hill, T. M. Kennerly, and J. L. Du Mars, Jr., all of Houston, for plaintiffs in error.

Maurice Hirsch, Allen Hannay, and Presley K. Ewing, all of Houston, for defendants in error.

GERMAN, P. J. This suit was instituted by Walley Pugh and wife in the district court of Harris county against C. J. McCarty, E. V. Ley, and E. V. Ley Company. It involves the title to a strip of land about 90 feet in width and about 1,660 feet in length, being a part of the John Brown league in Harris county. We will designate the parties as in the district court.

Plaintiffs are claiming that the strip of land upon which their residence is situated, and on which they have resided for a number of years, is a part of lot No. 6 of a subdivision of the Pugh lands in the Brown league, while defendants assert that it is a part of the Ruby or Brand 50 acres in said league. In partition proceeding dated May 27, 1892, the 50 acres was set apart to John H. Ruby; it being given specific boundaries and located by calls for Buffalo Bayou, the Pugh graveyard, and the southwest corner and west line of the Collins tract. Lot No. 6 was set apart in said partition to plaintiff Walley Pugh, and calls for the Ruby southwest corner as its southeast corner and the Ruby west line as its east line. It seems to be not disputed that until as late as May 31, 1920, the west line of the Ruby tract was believed by all parties at interest, including Walley Pugh, to be something like 90 feet west of the house in which Pugh resided, and was marked by what was known as the Kocher and Brand fence, which appears to have been built by Brand while owner of the Ruby tract as marking its west line. Some years prior to 1920 Walley Pugh moved into the house referred to and set up claim to the entire Ruby 50-acre tract. C. J. McCarty and E. V. Ley Company were the owners of 24 acres more or less off the south end of said 50 acres, known as the

---

&#9750;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied December 20, 1924.

Wright tract, and on October 21, 1919, brought suit in the district court of Harris county, in cause No. 85755, against Pugh and others to recover title to and possession of said 24-acre tract. This tract was specifically described, having the same beginning corner as the Ruby 50 acres, and calling for the west line of the Ruby tract as its west line. In that suit Walley Pugh set up claim by limitations to the Ruby 50 acres, including the 24 acres more or less sued for by the plaintiffs therein, and on the trial of the case testified that the house was on the 50 acres, that he resided thereon, and that he was claiming the whole tract. In the present suit he testified that at that time he thought the west line of the Ruby tract was marked by the Kocher and Brand fence west of the house. On May 31, 1920, judgment was entered in favor of C. J. McCarty and E. V. Ley Company and against Walley Pugh for the title and possession of the Wright 24 acres more or less; a jury having found that he did not have title to same by limitations.

December 31, 1920, writ of possession was caused to be issued by McCarty and E. V. Ley Company, under which the sheriff of Harris county took possession of the house from Pugh and his family. The present suit was instituted for the purpose of obtaining an injunction, but developed into a suit of trespass to try title and for damages. Plaintiffs claimed the strip of land where the house is situated as a part of lot No. 6, the title to which was in Pugh, and specially alleged that it was no part of the Wright 24 acres recovered by defendants in cause No. 85755. Defendants answered by general denial and plea of not guilty. They also alleged that the strip of land in controversy was included within the boundaries of the Wright 24 acres, and all questions of title thereto were res adjudicata. They further alleged acquiescence and estoppel because of recognition of the line west of the house, and pleaded title to the strip under the statutes of limitations.

By finding of the jury to special issue the east line of lot No. 6, which was called to be the same as the west line of the Ruby tract, was established 2 feet east of the northeast corner of the Pugh house, or a distance of 90 feet east of the Brand fence, which, as above stated, had been regarded by interested parties as the true line. The effect of this finding was to place the strip in dispute entirely within the boundaries of lot No. 6. Judgment was rendered for plaintiffs for the strip of land in controversy and for damages in the sum of $1,500. This judgment was by the Court of Civil Appeals affirmed. 253 S. W. 690.

[1] Only two questions of importance are presented by defendants in their petition for writ of error. They insist that all questions with reference to the right of Pugh to this strip of land and the possession thereof were settled by the judgment in cause No. 85755 and are res adjudicata. The finding of the jury that the land in controversy was wholly in lot No. 6 and was west of the west line of the Ruby tract leave no issue of res adjudicata for consideration. The effect of such finding was that the disputed strip was not included within the boundaries of the Wright tract as described in the judgment. Defendants, however, contend that the trial court erred in submitting the issue as was done. We are inclined to think that this contention is well founded, but, as the question of res adjudicata is controlled entirely by the question of boundary, we do not feel authorized to go into a discussion of the matter, especially in view of our holding on the question of outstanding title.

By deed dated July 14, 1897, Walley Pugh and wife conveyed to Mary Kocher 20 acres off the south end of lot No. 6. The southeast corner of this tract was 'the same as the southwest corner of the Ruby 50 acres, and the west line of the Ruby constituted its east line. By deed dated January 12, 1898, Pugh and wife conveyed to W. C. Oliver a 10-acre tract out of lot No. 6. The east line of this tract was the same as the east line of lot No. 6 and the west line of the Ruby tract. By deed dated February 13, 1909, Pugh and wife conveyed to Simon Priester 1½ acres out of lot No. 6, and its east line was the same as the east line of lot No. 6 and the west line of the Ruby tract. The testimony shows that the 20-acre tract and the 10-acre tract are now owned by H. E. Detering.

[2] If the calls in these deeds for the east line of lot No. 6 and the west line of the Ruby tract are to be given effect, then they appropriate the strip of land in controversy and unquestionably show an outstanding title, which defeats plaintiff's right to recover. The call for the west line of the Ruby tract must be construed as meaning the true west line, which has been located by the finding of the jury east of the Pugh house. In the absence of a proper proceeding and proper parties to correct or reform these deeds they must be given effect according to their plain and unambiguous meaning. In this proceeding their effect as appropriating the land up to the true west line of the Ruby tract cannot be limited by what may have been the intention of the parties at the time of their execution. This is so definitely decided by the following cases as to need no argument: Davis v. George, 104 Tex. 109, 134 S. W. 326; Keller v. Hollingsworth, 78 Tex. 653, 15 S. W. 110; Swann v. Mills (Tex. Civ. App.) 219 S. W. 850; Watts v. Howard, 77 Tex. 71, 13 S. W. 966.

It seems to us that plaintiffs, as the situation now stands, are forced to the dilemma of admitting that the strip of land in dispute is included within the boundaries of the Oliver, Priester, and Kocher deeds, or within

the boundaries of the Wright tract as described in the former judgment. If they insist that the east line of the Oliver, Priester, and Kocher tracts must be located at the point marked by the Kocher and Brand fence west of the house, because that was recognized by the parties at the time the deeds were made as the true line, then the same reasoning would locate the west line of the Wright tract at that point, because it is undisputed that all the parties, including Pugh himself, at the time of the former judgment and until the recent surveys were made regarded the Kocher and Brand fence as marking the west line of the Wright and Ruby tracts. Pugh testified that until the recent survey was made "I thought the line between the west line of the Ruby or Wright and my lot 6 was where Mr. Brand put that fence." It is true that by proceeding in the proper manner plaintiffs may be able to show that the land intended to be conveyed by the Oliver, Priester, and Kocher deeds is confined to the old-recognized line as marked by the fence, but it occurs to us that in like manner defendants may be able to show that this is the line actually intended and described as the west line of the Wright tract in the former judgment.

[3] It is contended that defendants cannot avail themselves of the outstanding title under their plea of not guilty. This would be true if they had pleaded specially the title upon which they relied other than title by limitation. The correct rule is thus stated in Custard v. Musgrove, 47 Tex. 217:

"Since the decision of the case of Rivers v. Foote, 11 Tex. 670, it has been regarded as substantially settled that when a defendant, in an action of trespass to try title to land, files a special plea, setting up title in himself, and setting out his title, he is confined in his defense to the title set up by him, and that the general denial, or plea of not guilty, that he may have pleaded also, is thereby waived. That rule has been directly affirmed by a late decision of this court. Shields v. Hunt, 45 Tex. 424. This rule may not apply to a claim of title under the statute of limitations, which is required by law to be specially pleaded. In practice it has not so been applied; that plea and the plea of not guilty, being often found together without objection."

This has been followed in more recent cases.

In the present instance the defendants specially pleaded the defense of res adjudicata and estoppel in bar of plaintiffs' action, but the only special title pleaded was that of limitations. Under this pleading they were entitled to show outstanding title to defeat plaintiffs' case. Adams v. House, 61 Tex. 641. In view of the direct proof that Detering owns the Oliver and Kocher tracts, there can be no presumption that Pugh has reacquired them.

[4] We do not think defendants waived this defense by not requesting the issue to be submitted to the jury. The facts were undisputed, and there was no necessity for the jury to pass upon them. This question of outstanding title exists regardless of the boundary issue, and therefore this is not wholly a boundary suit.

Upon the question of res adjudicata the controlling issue is this: Is the strip of land in controversy included within the boundaries of the Wright tract as set out in the judgment in cause No. 85755? We do not deem it necessary to make suggestions to the trial court for trying this issue, but refer to the rule announced in Petty v. Paggi Oil Co. (Tex. Com. App.) 254 S. W. 568.

It is our recommendation that the judgment of the Court of Civil Appeals and of the district court be reversed and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.