## IKARD et al. v. CITY OF HENRIETTA.
### No. 12421.

Court of Civil Appeals of Texas. Fort Worth.
July 5, 1930.

Rehearing Denied Sept. 27, 1930.

Taylor, Muse & Taylor, of Wichita Falls, for appellants.

J. P. Williams, of Henrietta, for appellee.

Benson & Benson, of Bowie, amicus curiæ.

BUCK, J.

This is an application for mandamus to F. O. Moore, mayor, Hiram Tannahill, Brad Stagg, Alph O'Heim, and J. T. Gates, and Ed Hilgenfeldt, city secretary, all officers of the city of Henrietta.

It is alleged that the city council enacted a zoning ordinance, that passage of this ordinance was by a vote of three to two, Tannehill and Staggs voting for the passage of the ordinance, and Gates, O'Heim voting against it, and the mayor casting the deciding vote for its passage. That later, in the absence of Staggs, at the bedside of his mother-in-law, at Fort Worth, from which sickness she died, S. A. Donnell applied for a permit to erect and conduct within the city limits a transit camp and filling station. Gates and O'Heim voted for the issuance of the permit, and, in the absence of Staggs, Tannehill did not vote. That upon the return of Staggs to the city of Henrietta, he presented to the city council a request signed by fifty of the taxpaying citizens for a hearing before the council as to whether the issuance of the permit should be reopened or not. Donnell had in the meantime promptly erected the camphouses and made other improvements on the site, and at the time of this application for a reopening had completed the improvements. The mayor refused to call a meeting of the council for the purpose of determining whether or not the permit theretofore issued should be recalled or canceled.

Plaintiffs allege that the transit camp erected by Donnell will work injury and damage and incur fire hazard to plaintiffs and other citizens in the vicinity, and will de-

crease the value of their property. That the district in which the tourist camp is erected and proposed to be conducted is purely a residential district. That the holding of a hearing for protests against the issuance of the permit is purely a ministerial act, but·if not, and the decision as to whether a hearing should be held or not involves discretion, then plaintiffs allege that the mayor and the council abused any discretion lodged in them, and that the issuance of the permit under the circumstances shown was capricious and arbitrary and without reason, and damaging to plaintiffs and other resident citizens, and the refusal to call the meeting of the council likewise was an unreasonable and arbitrary action.

When the petition was presented to Judge Vincent Stine, he read the petition and ruled that S. A. Donnell was a necessary party, and postponed the hearing for several days in order that he might go to Archer City to attend to some official matters there. Plaintiffs did make Donnell a party, but on the hearing dismissed as to Donnell. The court then dismissed said suit, plaintiffs declining to amend by making Donnell a party, and the plaintiffs have appealed.

### Opinion.

█ █ In the first place, it is urged by appellees that the so-called statement of facts filed in this court does not appear to have been filed in the trial court. Appellants' counsel stated in oral argument that the statement of facts was left with the district clerk, and that it was a mere inadvertence that the clerk failed to put his file mark thereon, and that he would get an affidavit and certificate to that effect. But he has not done so. Where a statement of facts is not filed within the time prescribed by the statutes, such statement may nevertheless be considered, in the absence of a timely objection. McCarty v. Pugh (Tex. Civ. App.) 253 S. W. 690. A writ of error was granted in this suit and the judgment reversed and the cause remanded (Tex. Com. App.) 265 S. W. 126, but the reversal was not placed on the ruling of the Court of Civil Appeals as to the right to consider a statement of facts not filed in due time. Moreover, while we have granted the motion of Benson & Benson, attorneys for S. A. Donnell, in the court below, to file briefs as amicus curiæ, yet we do not believe that an amicus curiæ has any right to move to strike the statement of facts. They must take the case as they find it. The statement of facts is duly signed by counsel for appellants, Cedric Taylor, and J. P. Williams, as attorney for defendants, though the latter did not appear in this court personally or by briefs. The statement of facts is also duly approved by Vincent Stine, presiding judge. Therefore, we conclude, in the absence of any timely ob-

jection, that the statement of facts as filed in this court should not be stricken from the record.

█ However, we do conclude that the trial court did not err in holding that S. A. Donnell was a necessary party, and in dismissing the cause after S. A. Donnell had been dismissed from the suit. Undoubtedly, the purpose of plaintiffs' petition was to have a meeting of the city council called for the purpose of hearing any protest that might be entered against the issuance of the permit theretofore issued to S. A. Donnell. Under that permit S. A. Donnell had the right to erect the necessary improvements, and to conduct the tourist camp. See Invader Oil & Refining Co. v. City of Fort Worth (Tex. Civ. App.) 229 S. W. 616; City of Fort Worth v. Invader Oil & Refining Co. (Tex. Com. App.) 238 S. W. 206. While the Commission of Appeals, approved by the Supreme Court, reversed our judgment, it was only on the inadvertent granting of a permanent injunction where only a temporary injunction was granted by the trial court, and, therefore, should have been sustained by ·this court. If the meeting of the city council had been held, and a protest filed against the issuance of ͵the permit, then S. A. Donnell's interest would have been injuriously affected. As this object was the evident purpose of the plaintiffs in their suit, we conclude that S. A. Donnell was a necessary party, and that the trial court did not err in dismissing the cause of action after suit had been dismissed as to him.

█ Moreover, the zoning ordinance provides as follows:

"That such application shall be filed with the City Clerk, whose duty it shall be forthwith to transmit the same to the Board of Aldermen, after making the necessary examination of any application so filed, that the ordinances of the City of Henrietta are contemplated to be complied with as shown from the terms of said application, the said Board of Aldermen shall grant such permit to the said applicant provided, however, if it should appear to the mayor and Board of Aldermen that the said building when constructed, in view of the purpose for which the proposed building is to be used or the proposed business to be operated or engaged in, the same is likely to and will become hazardous in light of its nearness of proximity to existing dwelling houses, and is likely to readily communicate fire or render more hazardous the fire risks of any such district or should it appear in view of the purposes for which the proposed building is to be used, that the health of the adjacent inhabitants or occupants of the said buildings will become greatly menaced or endangered, or should it appear to the Board of Aldermen that the said building, in view of the purpose for which it is

580

proposed to be used, would seriously offend the morals, good order, convenience, comfort, prosperity and general welfare of the inhabitants adjacent to the residing in the said district or persons owning property therein, it shall be the duty of the Board of Aldermen under such circumstances or any or all of the same to order a public hearing to be had for the purpose of inquiring into any and all such conditions and circumstances.

"That it shall be the duty of the City Clerk to notify all persons living within the said residence district as well as other persons affected, to appear at said meeting before the said Board of Aldermen for the purpose of giving testimony touching the matter of granting such application; that in lieu of the said notice to be given by the said City Clerk, the Board of Aldermen may order that a public notice thereof, shall be published in the official newspaper of the City of Henrietta being a newspaper of general circulation, notifying all persons affected to appear and be heard in person or by attorney or agent, that all such persons, including the applicant, shall be given a full and fair hearing before the Board of all matters touching the granting of said permit. That the City Clerk shall issue process to all persons to appear and give testimony at said hearing, upon the request of the applicant, his agent or attorney, as well as upon the request of any person whose property may be affected by the granting of the said permit. That the said Board of Aldermen may continue the said hearing from day to day until all of the facts have been to their satisfaction fully developed."

It appears that there was lodged in the board of aldermen a discretion as to whether or not said board shall have a hearing. We are authorized to conclude, in support of the judgment, that the members of the board concluded that a hearing was not necessary or advisable. Certainly a mandamus could not be issued to force the board of aldermen to call a hearing where they were vested with a discretion in the first instance as to whether or not the hearing was advisable, unless allegations were made and supported by evidence, tending to show that the officer or officers against whom a mandamus is sought had been guilty of abuse of discretion. The only allegation of this character was the allegation that the permit was issued to Donnell during the enforced absence of Staggs. A board can legally act, ordinarily, where a majority of the board are present. Action by a majority of the board, during the absence of one member, would not make of itself such action fraudulent.

For the reasons stated, the order and judgment of the trial court is affirmed. Costs of this court and of the trial court are adjudged against the plaintiffs.