COMMON CARRIER MOTOR FREIGHT
ASS'N et al. v. RAILROAD COMMIS-
SION et al.
No. 9242.

Court of Civil Appeals of Texas. Austin.
Dec. 31, 1941.

No briefs filed for appellants.
No briefs filed for appellees.

### McCLENDON, Chief Justice.

Appeal from an interlocutory order refusing to grant to appellants a temporary injunction. Appellees filed a motion to dismiss the case without prejudice on the ground that the questions presented, both by the appeal and by the suit, have become moot. Appellants have not controverted the allegations of the motion nor contested it, but have filed a formal motion to dismiss the appeal without prejudice.

The suit was by appellants, who are common carrier freight line corporations, against the Railroad Commission to set aside certain orders prescribing rates on certain commodities. Appellants were not therein included, but the orders provided that if any other common carrier motor freight line wanted the rates applied to it, it could have them so applied by petition to the Commission therefor. A number of railroads intervened for the purpose of upholding the orders.

Pending trial on the merits, appellants sought a temporary injunction restraining enforcement of the orders. Temporary restraining order was granted, and upon hearing the application for temporary injunction was overruled. The appeal is from this order.

As stated, the orders sought to be annulled did not apply to appellants. Their complaint was that if their competitors, the rail and motor carriers, for whom the rates were prescribed, were allowed to charge the rates (which appellants alleged were inadequate), appellants would have to either lose the revenue for transporting such commodities, or reduce their rates to the level prescribed in the orders.

The appellees' motion is based upon the following facts supported by affidavit:

Subsequently to filing the suit but before the appeal was perfected, appellants filed with the Commission a petition asking that the rates complained of be made applicable to them. This petition was granted after hearing, and order was entered prescribing such rates permanently to appellants and other common carrier motor freight lines requesting them.

There is no question but that the action of appellants in applying for the order making the rates which they sought to enjoin permanently applicable to them, destroyed the subject matter of the suit and rendered moot the issues sought to be litigated. The basis of the suit to set aside the rate orders being predicated upon the assertion that the rates were confiscatory and appellants would have to meet them or refrain from handling the commodities, the application of appellants to have the rates apply to themselves removed from the realm of controversy the very grounds upon which the rates were sought to be annulled. Certainly, appellants have no standing in court in a suit to have the rates set aside as to appellee carriers while remaining in force as to themselves under their own application to that end.

We do not believe, however, that this court has jurisdiction in an appeal from an interlocutory order denying a temporary injunction to enter a final judgment dismissing the case on its merits. The general rule upon this subject was announced in City of Fort Worth v. Invader Oil & Refining Co., Tex.Com.App., 238 S.W. 206, with supporting Supreme Court authorities. See also Tex.Jur., Vol. 3, p. 1211, § 849, and Vol. 24, p. 318, § 257, Note 4, and authorities cited. There are several cases in interlocutory appeals in which the opinion states that the cause or case is dismissed. However, in examining the opinions it is manifest as to some and quite probable as to others that the word cause or case was used in the sense of appeal. A similar inaccuracy appears in the 1927 amendment to Sec. 6 of Art. 1728, R.C.S., Vernon's Ann.Civ.St. art. 1728, in the provision that where the judgment of the Court of Civil Appeals is correct, but the Supreme Court is not satisfied that the opinion in all respects has correctly declared the law, "it shall dismiss the case for want of jurisdiction." However, in two cases it was expressly held that where the questions in the case have become moot and there remains nothing further to be litigated, the Court of Civil Appeals in an appeal from an interlocutory order will finally dismiss the case. Ansley v. State, Tex.Civ.App., 175 S.W. 470; Finger, Inc., v. Washington County, Tex.Civ.App., 131 S.W.2d 323. These cases do not appear to have gone to the Supreme Court, and so far

as the opinions disclose the point was not controverted.

However desirable it may be to finally terminate litigation where the issues in controversy have become moot, we do not believe we have the authority upon an appeal from an interlocutory order to make any adjudication upon the case on its merits. Our holding, however, that the questions raised by the appeal have become moot, involving as it does a holding that the issues put in controversy in the suit on its merits have likewise necessarily become moot, will constitute a direction to the trial court to dismiss the case upon proper application by the appellees.

Appellees' motion to dismiss the case is overruled. Appellants' motion to dismiss the appeal is granted; such dismissal, however, is not without prejudice, but is with prejudice in so far as we have jurisdiction to make it so.

Appellees' motion overruled. Appellants' motion granted with prejudice.